IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION
CIVIL ACTION NO.: 5:23-CV-04719-MGL

| | |
|---|---|
| Katie Ford, | ) |
| Plaintiff, | ) **PLAINTIFF'S MEMORANDUM** |
| | ) **IN SUPPORT OF REMAND** |
| vs. | ) |
| Roy Washam, Herbert Wayne Matthews, | ) |
| and Wayne Matthews Transportation, | ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff Katie Ford moves this Court for an order remanding this matter to State Court and awarding attorney fees and costs. Defendants have failed to show that this matter falls within this Court's limited jurisdiction. Although diversity exists between the parties, Defendants' Notice of Removal does not include the requisite plausible allegation that the amount in controversy in this case exceeds $75,000. Likewise, Ford's Complaint in this action does not necessarily depend on the resolution of a substantial question of federal law. Because Defendants have not met their burden, remand is appropriate. Further, because Defendants lacked any objectively reasonable basis for removal, Ford requests the attorneys' fees and costs incurred in opposition to Defendants' improper Notice of Removal.

## PROCEDURAL HISTORY

This is a personal injury action. On July 24, 2023,[1] Defendant Roy Washam crashed a semi-truck into Ford's vehicle, along with several others. (*See* ECF # 1-1, Complaint, at ¶¶ 9–15). At the time of the crash, Defendant Herbert Wayne Matthews owned the semi-truck that Washam was driving.

---

[1] The undersigned attorney mistyped the date in the Complaint, alleging the events took place on July 31, 2023. Should this Court deny this Motion, Ford will seek leave to file an amended complaint.

1

(*See* Complaint at ¶ 9). Matthews, doing business as Wayne Matthews Transportation ("WMT"), also employed Washam. (*See* Complaint at ¶ 5).

On August 22, 2023, Ford filed this action in the Orangeburg County Court of Common Pleas. (*See generally* Complaint). As to Washam, Ford alleged negligence and negligence *per se*. (*See* Complaint at ¶¶ 17–22). Ford alleged Washam "[v]iolat[ed] state laws enacted to protect" her health and safety. (Complaint at ¶ 19(j)). As to Matthews and WMT, Ford alleged both vicarious liability for Washam's negligence and various theories of direct negligence. (*See* Complaint at ¶¶ 23–35). Ford alleged Matthews and WMT breached "both common law and statutory duties[.]" (*See* Complaint at ¶¶ 30–31).

On September 21, 2023, Defendants removed this action to this Court. (*See generally* ECF # 1, Notice of Removal). In their seven-paragraph Notice of Removal, Defendants allege two alternative grounds for this Court's jurisdiction. First, Defendants allege diversity jurisdiction under 28 U.S.C. section 1332. (Notice of Removal at ¶ 4). Defendants allege only that the diversity statute "provides [this Court] with jurisdiction in matters between citizens of different states when the amount in controversy exceeds the sum or value of $75,000.00." (Notice of Removal at ¶ 4). Second, Defendants allege federal question jurisdiction under 28 U.S.C. section 1331. (Notice of Removal at ¶ 5). Defendants do not specify under which Constitutional provisions, statutes, or treaties they believe Ford's civil action arises, instead only noting that "District Courts have original jurisdiction in all civil actions arising" under those authorities. (Notice of Removal at ¶ 5).

## **LEGAL STANDARD**

As the party seeking removal, Defendants bear a "heavy burden" to show this Court has original jurisdiction over this action. *See Burgess v. J.H.O.C. Premier Transp., Inc.*, No. CA 4:12-657-TLW-KDW, 2012 WL 4762126 at *1 (D.S.C. Sept. 24, 2012), *report and recommendation adopted in relevant part, rejected in part*, No. CIV.A. 4:12-657-TLW, 2012 WL 472140 (D.S.C. Oct. 5, 2012);

2

*see also* 28 U.S.C. § 1441(a) (permitting removal only where "the district courts of the United States have original jurisdiction"). Due to "significant federalism concerns," this Court must strictly construe removal jurisdiction and remand any case where "federal jurisdiction is doubtful[.]" *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). *See also Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("[C]ourts should resolve all doubts about the propriety of removal in favor of state retained jurisdiction." (cleaned up)); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (noting courts must "scrupulously confine" their jurisdiction to the removal statute's "precise limits").

## ARGUMENT

Defendants have not met the "heavy burden" they bear to establish this Court's jurisdiction. *Cf. Burgess*, 2012 WL 4762126, at *1. While diversity exists between the parties, Defendants have not made any plausible allegation that the amount in controversy exceeds $75,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Neither do Ford's claims necessarily depend on resolving a substantial question of federal law. *See Burgess*, 2012 WL 4762126, at *4. In fact, this Court has found federal question jurisdiction does not exist even when a plaintiff specifically pleads violations of the Federal Motor Carrier Safety Regulations ("FMCSR"). *See id.* at *6–7. Defendants thus had no objectively reasonable basis for removal when they filed for removal; in addition to remanding this case, this Court should require Defendants pay Ford's attorney fees, costs, and expenses incurred as a result of this improper removal. *See Martin v. Franklin Capital Corp.*, 46 U.S. 132, 141 (2005) (holding that an award of fees and costs is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal").

A.  **This Court does not have diversity jurisdiction because Defendants did not plausibly allege—and cannot prove—the amount in controversy exceeds $75,000.00.**

Diversity jurisdiction exists where the parties are "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a)(1). Where, as here, a plaintiff's complaint does not state a particular dollar value for her damages, a removing defendant "must provide evidence to 'show what the stakes of litigation are given the plaintiff's actual demands.'" *Scott v. Cricket Comm'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (cleaned up). The notice of removal may satisfy this evidentiary requirement by including a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Once a party contests the removing defendant's allegations regarding the amount in controversy, however, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. *See Inabinet v. Thomas*, No. CV 5:1-00614-MGL, 2018 WL 5016623, at *2 (D.S.C. Oct. 16, 2018) ("The relevant inquiry, then, is whether the actual amount in controversy more likely than not exceeded $75,000.00 at the time of removal.").

Here, Defendants' Notice of Removal arguably contains no allegations regarding the amount in controversy at all. Instead, Defendants offer a boilerplate recitation of the diversity jurisdiction standard. (*See* Notice of Removal at ¶ 4). Neither do Defendants' Answers to Local Civil Rule 26.01 Interrogatories state an amount in controversy, instead noting only "diversity of citizenship" between the parties. (*See* ECF # 3, ¶ (D)). Defendants did not "provide evidence" sufficient for this Court to determine that "the stakes of litigation" exceed $75,000.00. *Cf. Scott*, 865 F.3d at 194. Nor could Defendants show the stakes where, as here, the parties have exchanged no discovery, have not itemized Ford's damages, and Ford has not even sent a demand to suggest the amount in controversy. At the time of removal, Defendants did not have (and did not provide this Court) evidence of the amount in controversy in this case. *Cf. Inabinet*, 2018 WL 5016623, at *2 ("The relevant inquiry … is whether the actual amount in controversy more likely than not exceeded $75,000.00 at the time of removal.").

4

Because Defendants neither met nor could meet their "heavy burden", *cf. Burgess*, 2012 WL 4762126, at *1, remand is necessary.

**B.      This Court does not have federal question jurisdiction because Ford's claims do not necessarily depend on resolving a substantial question of federal law.**

Federal question jurisdiction exists where the face of a plaintiff's "well-pleaded complaint" presents a federal cause of action—a cause of action that "arises under" federal law or the Constitution. *See Burgess*, 2012 WL 4762126, at *4. When a plaintiff's complaint alleges only state law causes of action, the court must decide whether the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded … claims." *Id.* (citation omitted and alteration in original). "[I]f the plaintiff can support [her] claim with even one theory that does not call for an interpretation of federal law, [her] claim does not 'arise under' federal law for purposes of [28 U.S.C] § 1331." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 (4th Cir. 2004).

This Court has rejected the argument that federal question jurisdiction exists in truck crash cases like this one. In *Burgess*, the defendants argued federal question jurisdiction existed where a plaintiff's complaint alleged violations of the Federal Motor Carrier Safety Regulations (the "FMCSR"). *See Burgess*, 2012 WL 4762126, at *1.[2] As part of her state law claims for negligence, the plaintiff had alleged the defendants violated "**United States Department of Transportation Federal Motor Carrier Safety Regulations**" and "other **federal** and/or state statutes, codes, and/or regulations[.]" *Id.* at *2. After stating the relevant legal standards, the Magistrate Judge noted that a "[m]ere connection between a claim and a federal regulatory regime is an insufficient basis for federal jurisdiction." *Id.* at

---

[2] This District adopted the relevant portions of the Magistrate Judge's Report and Recommendation and remanded the case, rejecting only the portion of the Report "recommend[ing] that Defendants be liable for the costs and attorneys' fees" from the removal. *Burgess v. J.H.O.C. Premier Transp., Inc.*, No. CIV.A. 4:12-657-TLW, 2012 WL 4762140, at *1 (D.S.C. Oct. 5, 2012). This Court noted the Magistrate Judge's recommendation was not inappropriate, but declined "after careful consideration, realizing that this is a close question[.]" *Id.* Here, the question is not so close, as discussed in Part C.

\*4 (citation omitted). The plaintiff did not need to "establish a violation of the FMCSR or other federal regulations to establish liability[.]" *Id.* at \*5. Thus, although the plaintiff's "common-law causes of action … include[d], *inter alia*, references to the FMCSR" and claims the defendants' semi-truck did not meet federal safety standards, that was insufficient to establish a federal question. *Id.* The "[p]laintiff's 'direct mention' of a federal regulation [fell] short of satisfying the removal standard." *Id.* at \*6.

As in *Burgess*, each of Ford's claims can be resolved without interpreting federal law. For example, Ford's claim against Washam for his negligence and negligence *per se* can be resolved based entirely on whether he was operating his vehicle correctly, keeping a proper lookout, or otherwise acting unreasonably under the circumstances, without any invocation of the FMCSRs. (*Cf.* Complaint at ¶ 19(a)–(k) (listing various ways in which Washam may have breached his duty to Ford, and specifically invoking state law). Ford's claim against Matthews and WMT for either vicarious or direct liability may likewise be resolved without interpreting federal law. (*Cf.* Complaint at ¶ 31(a)–(e)). But unlike, *Burgess*, Ford has only cited state law violations as grounds for negligence *per se*. (*See* Complaint at ¶(j)). Because Ford's claims do not invoke and need not rely on resolving a substantial question of federal law, remand is necessary.

**C.  A fee award is appropriate because Defendants lacked an objectively reasonable basis for removal and asserted federal question jurisdiction in contradiction of District precedent.**

"An order remanding the case may require payment of just costs and any action expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an order is proper "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). *See also Husk v. E.I. Du Pont De Nemours & Co.*, 842 F.Supp. 895, 899 (S.D.W. Va. 1994) (awarding fees and costs where "[a] cursory examination of the applicable law" would have shown that the plaintiff's complaint raised "no federal question").

6

Here, Defendants did not have an objective basis for seeking removal based on diversity jurisdiction. Ford has not demanded Defendants pay an amount in excess of $75,000.00, nor has she alleged an amount in controversy in her complaint. Defendants' Notice of Removal points to no facts on which to base diversity jurisdiction, (*see* Notice of Removal at ¶ 4), and Defendant's answers to the Local Rule 26.01 interrogatories likewise list only that there is diversity between the parties, (*see* ECF # 3 at ¶ (D)). This deficiency makes an award of fees and costs appropriate.

Even if the Court decides Defendants had an objective basis for seeking removal based on diversity, no such objective basis existed for invoking this Court's federal question jurisdiction. "A cursory examination" of the applicable law would have shown Defendants that federal question jurisdiction does not exist. *Cf. Husk*, 842 F.Supp. at 899 (awarding fees and costs when federal question jurisdiction obviously did not exist). Unlike the plaintiff in *Burgess*, Ford alleged no direct violations of federal law. *Cf.* 2012 WL 4762126, at *2 (noting plaintiff's direct citations of FMCSRs). Instead, Ford alleges Washam "violat[ed] state laws enacted to protect the safety and health of the motoring public, so as to constitute negligence per se[.]" (Complaint at ¶ 19(j)). Ford also alleges Matthews and WMT had and violated common law and "statutory duties[.]" (Complaint at ¶¶ 30–31). But nowhere in the Complaint does Ford allege a violation of specific federal statutes like the plaintiff in *Burgess*. If this Court rejected the arguments in *Burgess* that a plaintiff's " 'direct mention' of a federal regulation falls short of satisfying the removal standard," 2012 WL 4762126, at *6, then Defendants must have known this Court would all the more reject federal question jurisdiction based on a complaint that is entirely silent as to federal law. And while this Court was "just sufficiently persuaded" that the defendants in *Burgess* "acted with an objective reasonable basis in seeking removal," *Burgess v. J.H.O.C. Premier Transp., Inc.*, No. CIV.A. 4:12-657-TLW, 2012 WL 4762140, at *1 (D.S.C. Oct. 5, 2012), that was before there was clear, contrary authority showing federal question jurisdiction does not arise from mere references to the FMCSRs—less so without such references. Defendants doubled

down on this deficiency in their answers to Local Rule 26.01's interrogatories. (See ECF # 3 at ¶ (D)). Thus, even if the Court determines that removal on diversity jurisdiction was reasonable, a partial award of fees and costs incurred opposing federal question jurisdiction is appropriate.

## **CONCLUSION**

The Defendants' deficient Notice of Removal fails to allege at all, much less to allege plausibly, that the amount in controversy in this case exceeds $75,000.00. Thus, diversity jurisdiction does not exist. The Defendants' likewise fail to specify any grounds for federal question jurisdiction, and the only possible grounds would be a mere connection to federal regulations. This is not only insufficient, but contrary to established case law. Thus, this Court lacks jurisdiction over this matter, and must remand. Because Defendants lacked an objective basis for removal, an award of fees and costs is also appropriate. Plaintiffs respectfully ask this Court to order this case be remanded and Defendants pay fees and costs incurred in responding to their removal.

**MORGAN & MORGAN, P.A.**

By: /s/Jonathan D. Graham
Jonathan D. Graham
Federal Bar No. 13969
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Attorney for Plaintiffs*

October 18, 2023
Charleston, SC