

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| KATIE FORD,<br>    Plaintiff,<br><br>vs.<br><br>ROY H. WASHAM, HERBERT WAYNE<br>MATTHEWS, and WAYNE MATTHEWS<br>TRANSPORTATION,<br>    Defendants. | Civil Action No.: 5:23-04719-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY FEES AND COSTS**

## I. INTRODUCTION

Plaintiff Katie Ford (Ford) filed this negligence lawsuit against Defendants Roy H. Washum, Herbert Wayne Matthews, and Wayne Matthews Transportation (collectively, Defendants), in the Orangeburg County Court of Common Pleas. Defendants subsequently removed the case to this Court, claiming it has jurisdiction over the matter in accordance with 28 U.S.C. §§ 1331 and 1332.

Pending before the Court are Ford's motion to remand and request for attorney fees and costs. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Ford's motion to remand will be granted and her request for attorney fees and costs will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

Ford alleges she was injured in a motor vehicle accident, causing serious bodily injury. The parties have failed to begin discovery, and Ford has yet to send a demand letter.

After Ford filed her motion and request, Defendants asked her to stipulate to a $74,999.99 cap on damages.  Ford refused.  Subsequently, Defendants responded to the motion and Ford replied.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motion and request.

## III.     STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Moreover, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

"Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th

Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.*

Moreover, when considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988). "[A] court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." *Porsche Cars N. Am. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002) (quoting *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)).

"Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999). The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand [to state court] Is necessary.'" *Mulcahey*, 29 F.3d at 151.

IV.     **DISCUSSION AND ANALYSIS**

   A.     *Whether the Court should remand this case*

As an initial matter, although Defendants' notice of removal lists federal question jurisdiction as an alternative basis for removal, they failed to address it in their response to Ford's motion. The Court thus determines they have abandoned this argument. *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 n.* (4th Cir. 2014) (noting that failure to present legal arguments waives the argument).

3

Moreover, based on review of Ford's complaint, the Court agrees federal questions jurisdiction appears to be non-existent here. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

The Court thus considers whether diversity jurisdiction exists in this case. The parties fail to dispute the parties' diversity of citizenship. Thus, the critical determination before the Court is whether removal was proper based on the amount in controversy.

Ford argues diversity jurisdiction over this matter is improper because Defendants have failed to show the amount controversy is more than $75,000. Defendants, on the other hand, insist the amount in controversy exceeds $75,000 because of the alleged injuries and damages and the fact that Ford refused to stipulate to damages under $75,000.

"When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show what the stakes of litigation are given the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (internal quotation marks omitted) (alterations omitted). And, a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Ford's complaint fails to specify the amount of damages sought. At this early stage of the case, the parties have yet to begin discovery that would elucidate damages. Nor has Ford sent a demand letter.

Ford's complaint alleges damages in the form of pecuniary loss, physical suffering, mental anguish, emotional distress, medical expenses and other economic losses, loss of enjoyment of life, other costs and expenses associated with the Defendants' negligence, and other damages

which will be demonstrated during discovery. She is also seeking punitive damages. These allegations, which lack any specific monetary figures, however, fail to allow for any accurate estimation of the amount of damages.

And, although Defendant stated in the notice of removal that this Court has jurisdiction "in matters between citizens of different states when the amount in controversy exceeds the sum or value of $75,000.00[,]" Notice of Removal ¶ 4, they failed to allege that condition was met in this case, much less provide any allegations in support.

Moreover, the Court is unpersuaded by Defendants' argument that Ford's refusal to stipulate the amount of damages is less than $75,000 establishes the amount in controversy requirement is met. As then-district Judge Henry F. Floyd opined when presented with a similar situation, "The reality is that cases often evolve as they progress through litigation and the parties acquire more information pertaining to their claims and defenses." *Bell v. Qwest Communications Intern., Inc.*, Civil Action No. 8:11–00037–HFF, 2011 WL 2601566, at *5 (D.S.C. June 30, 2011).

"Requiring plaintiffs at the outset of litigation to enter into a binding stipulation regarding damages could seriously handicap them as the case progresses." *Id.* "As a result, it is understandable that, despite believing in good faith that their claims do not exceed the jurisdictional amount, many plaintiffs would decline to enter into such a binding stipulation."

Judge Floyd then went on to add this: "A plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference." *Id.*

The Court agrees with Judge Floyd's reasoning. Assuming jurisdiction in this case would betray the Court's duty to resolve doubt in favor of remand. *See Mulcahey*, 29 F.3d at 151 ("If

5

federal jurisdiction is doubtful, a remand is necessary."). What is more, Defendants neglected to request such a stipulation until after both removal and the motion for remand.

Defendants also argue the fact that Ford filed the complaint in this case less than a month after the accident occurred is indicative of damages. Without evidence or citation, they state "Upon information and belief, the short period of time from when the accident occurred to when plaintiff filed a complaint, along with the costs incurred for the retention of experts to conduct out of state vehicle inspections and data downloads of the vehicles, is not something generally seen in 'low value cases.'" Response at 6. This unsupported argument fails to satisfy Defendants' burden.

Defendants have failed to show diversity jurisdiction exists in this case. Because neither diversity jurisdiction nor federal questions jurisdiction are present, the Court will grant the motion to remand.

**B.     *Whether the Court should grant Ford's request for attorney fees and costs***

Ford posits Defendants lacked a reasonable basis for removal as evidenced by their barebones notice. They especially emphasize the lack of basis for federal question jurisdiction, which Defendants failed to defend in response to her motion. Defendants maintain they have an objectively reasonable basis for seeking removal, and so should be unrequired to pay attorney fees and costs.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

6

reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

First, although Defendants have failed to present any basis, let alone a reasonable basis, for their assertion of federal question jurisdiction, presumably they believed they would prevail on their diversity arguments.

Second, although Defendants lacked evidence or allegation regarding damages at this stage of the case, other courts have held that a failure to stipulate to damages established an amount in controversy. *See, e.g.*, *McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998). Accordingly, the Court determines Defendants had a reasonable basis to assert diversity jurisdiction.

The Court will therefore deny Ford's request for attorney fees and costs.

## V.     CONCLUSION

For the reasons stated above, Ford's motion to remand the complaint **GRANTED** and her request for attorney fees and costs is **DENIED**.

**IT IS SO ORDERED.**

Signed this 30th day of January 2024, in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE